James J. Moak (Bar No. 82393)
jmoak@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Plaintiff
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, a corporation



FILED
2011 AUG -9 P 1:22
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GEORGE W. HOPKINS II, an individual,<br><br>　　　　Defendant. | Case No. CV11-03899 PSG<br><br>**COMPLAINT FOR:**<br>1. **MONEY HAD AND RECEIVED**<br>2. **MONEY PAID BY MISTAKE**<br>3. **UNJUST ENRICHMENT AND RESTITUTION** |

## FIRST CLAIM FOR RELIEF

(Money Had and Received)

1.   Plaintiff THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") is a corporation incorporated in the State of New Jersey, with its principal place of business in that State. Prudential is authorized to transact and transacting business in the State of California.

2.   Prudential is informed and believes and therefore alleges that Defendant George W. Hopkins II is an individual who is now and at all relevant times was a resident of the County of Santa Clara, State of California.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

120177.1

1

COMPLAINT

FAXED

3. This is therefore an action between citizens of different States. The amount in controversy exceeds $75,000. This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332.

4. This Court also has jurisdiction over this matter under 28 U.S.C §1331 and 29 U.S.C. §1132 in that it relates to and arises out of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

5. Prudential is informed and believes and therefore alleges that Defendant was at one time married to Karen M. Hopkins.

6. Karen Hopkins was insured under group life insurance contract G44449 issued to her employer, Hewlett-Packard Company, by Prudential, as part of an employee welfare benefit plan governed by ERISA ("the policy"). The policy terminated January 1, 2010. The coverage previously provided by Prudential was replaced, effective January 1, 2010, by life insurance coverage provided by Aetna Life Insurance Company ("Aetna").

7. Prudential is informed and believes and therefore alleges that Karen Hopkins died on January 7, 2010.

8. On or about March 2, 2010, Defendant submitted a claim to Prudential for life insurance benefits under the policy. Notwithstanding the fact that the policy had terminated on January 1, 2010, before Karen Hopkins died, on March 10, 2010 Prudential mistakenly paid the Defendant the full amount of the life insurance benefits which would have been due and payable to him if the policy had remained in force.

9. Prudential is informed and believes and therefore alleges that Defendant also submitted a claim to Aetna for life insurance benefits available under their replacement life insurance policy. Prudential is further informed and believes and therefore alleges that Aetna also paid the Defendant life insurance benefits by reason

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

120177.1

2

COMPLAINT

of the death of Karen Hopkins. Defendant has therefore been paid twice for the same loss.

10. On or about March 10, 2010, Defendant became indebted to Plaintiff in the sum of $269,916.68 for money had and received by Defendant for the use and benefit of Plaintiff.

11. Prudential has demanded payment from Defendant. No payment has been made by Defendant to Prudential, and there is now due and owing from Defendant to Prudential the sum of $269,916.68, together with interest thereon at the legal rate.

## SECOND CLAIM FOR RELIEF

### (Money Paid By Mistake)

12. Prudential incorporates by reference paragraphs 1 through 10, above, inclusive as though fully set forth.

13. By reason of the foregoing facts, Prudential is entitled to recover from Defendant the money paid by Prudential to Defendant by mistake. It would be unjust and inequitable to allow the Defendant to keep said funds. The payment of the life insurance benefits to the Defendant amounts to unjust enrichment of the Defendant, to the detriment of Prudential, and Prudential is entitled to have judgment for the sums paid to Defendant by mistake. Prudential has therefore been damaged in the sum of $269,916.68, plus interest thereon at the legal rate.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment and Restitution)

14. Prudential incorporates herein by reference paragraphs 1 through 10, above, as though fully set forth.

15. Prior to January 1, 2010, the policy which covered Karen Hopkins was an employee welfare benefit plan governed ERISA.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

120177.1

COMPLAINT

16. Prudential pleads in the alternative that, under ERISA, Prudential has paid Defendant by mistake, and Defendant has wrongfully received and retained, benefit payments in excess of those to which he was entitled to pursuant to the terms and conditions of the policy, in the amount of $269,916.68. These are specifically identifiable funds which are in the possession of the Defendant. It would be inequitable to permit Defendant to retain these funds.

17. As a result of this overpayment to Defendant, he has been unjustly enriched in the amount of $269,916.68.

WHEREFORE, Prudential prays for judgment in its favor and against Defendant as follows:

1. For the sum of $269,916.68, plus interest thereon as permitted by law;
2. For costs of suit and attorneys' fees incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

Dated: August 8, 2011

MESERVE, MUMPER & HUGHES LLP

By: /s/ James J. Moak
James J. Moak
Attorneys for Plaintiff
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a
corporation

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

4

COMPLAINT

120177.1